UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA

    - v. -

MICHAEL RAPHAN,

                       Defendant.
------------------------------------------------------------X

11 CR 655-08 (RPP)

**OPINION AND ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DATE FILED: 12/26/12

**ROBERT P. PATTERSON, JR., U.S.D.J.,**

    The Court determined that the government was not entitled to claim a two level enhancement of sentence pursuant to United States Sentencing Guideline § 2B1.1(b)(14)(A) (2009)[1] for the following reasons:

    Subsection 14(A) of Guideline § 2B1.1(b) states that if the defendant derived more than 1,000,000 in gross receipts from one or more financial institutions as a result of the offense, increase by 2 levels."[2] Id. The facts are that the Defendant acted as the closing attorney in fraudulent mortgage transactions and deposited money into his escrow account from financial institutions that were issuing new mortgages on properties that were already subject to existing mortgages. The Defendant, following the issuing financial institutions' instructions, paid off the existing mortgages from the funds received as a result of the fraudulent scheme, paid out

---

[1] This provision subsequently became § 2B1.1(b)(15).

[2] Review of the provisions of the "Specific Offense Characteristics," § 2B1.1(b), indicates sentencing enhancements first for the amount of loss to the victims of the scheme to defraud and then for the number of victims. The offense levels may also be increased based on the nature of the offense. A review of the enhancements in § 2B1.1(b) also shows that subsection 14 is the only enhancement in § 2B1.1(b) addressed to the Defendant's personal gain from the fraud, a very relevant consideration to any sentencing judge, which this Judge concluded was the intent of subsection 14.

1

amounts as directed by the co-conspirators, and in one case, received a $5,000 bonus in addition to closing fees.

The Government calculated the amount "derived" by the Defendant by adding together all of the amounts deposited in Defendant's escrow account, including funds used at closing to pay off existing mortgages on properties being purchased, but deducting amounts he distributed to co-conspirators.

To support its method of calculation, the Government relies on the Second Circuit's holding in United States v. Goberdhan that "gross receipts are not reduced by the amount of fraud proceeds subsequently spent in other transactions" to No. 11 CR 2533, 2012 WL 4478672, at *2 (2d Cir. Oct. 1, 2012). Accordingly, the Government argues that the Defendant's sentence should be enhanced based on the total amount of funds he received from the lending institutions or controlled as part of the fraudulent scheme, and that it is of no consequence that he used a significant portion of the funds to pay off the existing mortgages on the acquired properties. This position relies on the theory that the Defendant's control of the escrow account is dispositive for the purpose of applying § 2B1.1(b)(14)(A); once the Defendant controlled the funds, he "derived" them.

In contrast to this control-based argument, however, the Government also takes the position that it is proper for the Court to eliminate from the enhancement calculation any funds that the Defendant initially received into the escrow account but then paid out to co-conspirators. Id. The Government again relies on Goberdhan, in which the Second Circuit states that "[s]everal Circuits have explicitly held or strongly suggested that when money is initially obtained by one defendant individually, but is ultimately distributed to other co-conspirators, it is considered to accrue to all participants and therefore does not accrue for purposes of the

2

enhancement."[3] Id. (citing United States v. Rickard, 336 Fed. Appx. 235 (3d Cir. 2009); United States v. Edelkind, 467 F.3d 791, 801 (1st Cir. 2006); United States v. Weidner, 437 F.3d 1043, 1046 (10th Cir. 2006); United States v. Castellano, 349 F.3d 438, 486 (7th Cir. 2003); United States v. Nesenblatt, 171 F.3d 1227, 1229–30 (9th Cir. 1999)).

The Government's analysis is logically inconsistent. If Defendant's payments to co-conspirators should not be counted in the Defendant's enhancement calculation because they "accrue[d] to all participants" in the conspiracy, see Goberdhan, 2012 WL 4478672, at *2, the same is true for Defendant's payment to financial institutions to satisfy the existing mortgages. Those too benefited all the conspirators and thus "accrue[d] to all participants" in the conspiracy, despite the fact that the payments came from funds that were "initially obtained by one defendant individually." Id.; see also United States v. Millar, 79 F.3d 338, 346 (2d Cir. 1996) (remanding where "the district court did not find that [the defendant] individually derived more than $1,000,000 dollars in proceeds") (emphasis in original).

The Court is of the opinion that § 2B1.1(b)(14)(A) was drafted to apply to business frauds that resulted in a benefit to the Defendant or any company he controlled of over $1,000,000. Here, the Defendant primarily used the funds he received from the defrauded lending institutions to pay off the existing mortgages – a payment that benefited the financial institutions – and provide remuneration to co-conspirators; the Defendant did not individually derive a benefit of more than $1,000,000 from these funds. Accordingly, the Court determined that the government was not entitled to claim a two level enhancement of sentence pursuant to United States Sentencing Guideline § 2B1.1(b)(14)(A) (2009).

---

[3] Nevertheless, the Goberdhan court also stated that "[w]e have not had occasion to decide this issue directly . . . and need not do so now." 2012 WL 4478672, at *2

3

IT IS SO ORDERED.
Dated: New York, New York

December 21, 2012

_____
Robert P. Patterson, Jr.
U.S.D.J.